UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

NEHEMIAS LOARCA BASILIO,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

Case No.: 26-CV-4720 JLS (BJW)

**ORDER:**

**(1) DISMISSING PETITION FOR LACK OF SUBJECT MATTER JURISDICTION, AND**

**(2) DENYING REQUEST FOR PROSPECTIVE INJUNCTIVE RELIEF PREVENTING RE-DETENTION**

(ECF Nos. 1, 8)

Presently before the Court is Nehemias Loarca Basilio's Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1) and Request for Prospective Injunctive Relief Preventing Re-Detention ("Request," ECF No. 8). For the reasons that follow, the Court **DISMISSES** the Petition (ECF No. 1) and **DENIES** the Request (ECF No. 8).

Petitioner filed his Petition on August 18, 2026, seeking to enforce his rights under *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. July 30, 2026). Respondents provided Petitioner with a bond hearing under 8 U.S.C. § 1226(a) on August 26, 2026, while the Petition was still pending. *See* Request at 2. Petitioner was granted

bond in the amount of $2,000.00, posted bond, and was released. *Id.* Petitioner now requests the Court to adjudicate the remaining prospective claim and "enter an order providing that Respondents may not re-detain Petitioner unless they first provide reasonable written notice and a pre-deprivation hearing before a neutral adjudicator at which Respondents bear the burden." *Id.* at 2–3.

The Court rejects Petitioner's request for relief because the case is not ripe for review, and the Court thus lacks subject matter jurisdiction.[1] "For a case to be ripe, it must present issues that are 'definite and concrete, not hypothetical or abstract.'" *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017) (quoting *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000)). "If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). Petitioner has been released from custody. Request at 2. If Petitioner is re-detained in violation of his due process rights, he can raise the issue at that time. *See, e.g.*, *Salazar v. Casey*, No 25-CV-2784 JLS (VET), 2025 WL 3063629, at *3–5 (S.D. Cal. Nov. 3, 2025).

Accordingly, the Court **DISMISSES** the Petition (ECF No. 1) and **DENIES** the Request for Prospective Relief (ECF No. 8). The Clerk of the Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: August 27, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge

[1] The Court also notes that it lacks subject matter jurisdiction over the Petition because Petitioner is not "in custody." 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody under or by color of the authority of the United States . . . .").